L. TILLMAN, JR., Adm'r, *v.* CALLIE B. COCKE *et al.*

1. ADMINISTRATORS AND EXECUTORS. *Evidence. Code, sec.* 3813*d. Allowing a party called by the court to testify. Unconstitutional.* Section 3813*d* of the Code, allowing a party, in suits by or against executors, etc., called by the court, to testify, is unconstitutional and void.

2. STATUTES. *Construction of.* Where the latter clause in a section of an act is distinct and separable from the first, it will not render the whole section invalid necessarily, for the one to be declared void.

FROM KNOX.

Appeal from the Chancery Court. O. P. TEMPLE, Chancellor.

JAS. COMFORT for complainant.

T. R. CORNICK for defendant.

FREEMAN, J., delivered the opinion of the court.

The original bill in this case was filed to settle the estate of the late James R. Cocke. Pickle filed his petition as a creditor and became party, and filed a claim as a creditor of the estate.

We need not at present go into the particulars of this claim further than to say, that it is to be proven and made out solely on the evidence of the claimant himself. He states the fact in his petition, sworn to, and asks an order from the chancellor that he be allowed to be examined as a witness, he being the

only party cognizant of the facts, the transaction being one exclusively between Cocke and himself, having some elements of confidence in it, as between them.

The chancellor made an order allowing him to testify. The question presented for our consideration is, was this order proper, and the testimony properly permitted in the case?

The section of the Code under which the right to testify in this case is claimed, is section 3813*d*, in connection with the previous section. The latter section allows all parties to testify, relieving them from incompetency in all civil courts of this State, notwithstanding they may be parties to the suit or interested in the issue tried. This is the general rule. The other section, however, enacts certain exceptions. "In actions or proceedings by or against executors, administrators or guardians, in which judgments may be rendered for or against them, neither party shall be allowed to testify against the other, as to any transaction with, or statement by the testator, intestate or ward, unless called to testify thereto by the opposite party, or required to *testify* thereto by the court."

It is evident that under this last clause, it was intended by the Legislature to give the court the power to call the party, or require of him to testify, and that unless so required he should be incompetent under the previous part of the section quoted. Can this be sustained as a law of the land, or does it not confer on our courts legislative, and not judicial power?

We have given some consideration to this question, and we are compelled to hold the latter to be the

result. The rule of law, the general rule which is the law of the land, applicable to all the parties named, is, that they are incompetent. Such would be the rule to be enforced by the court on objection made to such a witness, and by which he would be adjudged incompetent under the law to testify. This, then, would be the rule of law; but under this last clause the court might say, the law renders you as a party incompetent, and you cannot be permitted to sustain your right as claimed, by your own testimony; it must therefore fail. But I think this is a proper case, where you may be required to testify, and the court has the right to relieve from the disability imposed by the law; you can therefore be a witness, because the court thinks it a proper case to allow this to be done.

This is to leave the rights of parties dependent on the will of the judge, with no rule prescribed by which he is to be guided in his action—nothing by which the party can say, it is his right to be heard. In a word, in the place of a rule of action prescribed being made the test of the right of the party, the court makes the rule and enforces it, or refuses to make it, as he chooses; thus performing a legislative act, that is, giving the law to the party in the particular case, not deciding upon what that law is. The practical result is, or may be, that a debt may be recovered, as in this case, if the court chooses to allow the party to prove it; but if not, the right claimed cannot be maintained. This would leave no rule for the action of all the courts of the State by which to

be guided, nor the same court in every case, but would make the law on which the rights of the parties depend, as variable as the judgment, whim, caprice, or even prejudice of the judge might dictate. This is not to adjudge what the law is, but to make it, a power which cannot be conferred by the Legislature upon the judiciary. It belongs to the law-making department to say what shall be the rule by which the rights of parties are to be settled. It is the judicial function to ascertain what that rule is, and enforce it, or apply it to the decision of questions presented. No rule is prescribed in this statute, except the will of the judge.

Since writing the preceding, we have had other arguments presented, one point being made, which we deem it proper to notice. It is substantially, that the whole section containing the exception must stand or fall together, not being separable. We do not think this is such a case. The clause giving the discretion is distinct from the other, and may well be held void, and the other exceptions stand, as the general rule, as was intended by the Legislature.

We think, therefore, Pickle was incompetent under the general rule, and discretion given to allow him to testify is not warranted by the constitution, and could not be exercised by the court.

A decree will be entered to this effect with costs.